AO (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| United States of America | |
|---|---|
| v. | Case No. CR19-107 RSL |
| SHELTON LAYNE SMITH | |

*Defendant*

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Magistrate Judge without unnecessary delay SHELTON LAYNE SMITH, who is accused of an offense or violation based on the following document filed with the court:

**X Indictment**   _ Superseding Indictment   _ Information   _ Superseding Information   _ Complaint
_ Probation Violation Petition   _ Supervised Release Violation Petition   _ Violation Notice   _ Order of Court

This offense is briefly described as follows:

Counts 1-10 – Wire Fraud, 18:1343 and 2

Date: June 6, 2019

*Issuing officer's signature*

City and state: Seattle, WA

*Andy Quach, Deputy Clerk*
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ ; and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____       _____ *Arresting officer's signature* |
|       _____ *Printed name and title* |

Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

June 6, 2019
WILLIAM M. McCOOL, Clerk
By _____ Deputy

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHELTON LAYNE SMITH, <br><br> Defendant. | CR NO. CR19-107 RSL <br><br> INDICTMENT |

The Grand Jury charges that:

## COUNTS 1-10
### (Wire Fraud)

**A. Background**

1. SHELTON LAYNE SMITH ("SMITH") is a former employee of Vigor Marine LLC ("Vigor"). Vigor is a Portland, Oregon-based company that constructs and repairs large ocean-going ships and other vessels. Vigor has operations in Oregon, Washington, and Alaska.

2. In approximately August 2015, the United States Coast Guard awarded Vigor a contract to renovate two Coast Guard cutters: the United States Coast Guard Cutter Bertholf, and the United States Coast Guard Cutter Waesche. Vigor performed these renovations at Vigor's Seattle, Washington facility.

United States v. Shelton Smith
Indictment - 1

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. Between approximately March 2016, and approximately October 2017, SMITH served as the project manager for the Bertholf and Waesche projects. In this capacity, SMITH was responsible for overseeing Vigor's relationships with third-party service providers ("vendors") that provided equipment and services for the project.

4. Vigor's corporate policies provide that Vigor will only retain vendors that have undergone an approval process. To become an approved vendor, the vendor must submit certain information to Vigor and meet certain requirements. For example, the vendor must meet minimum insurance requirements and provide basic tax and business information.

5. One of Vigor's approved vendors, referenced herein as "Vendor 1," is a Lynnwood, Washington business that performs duct and ventilation work. Vendor 1 worked on various Vigor projects prior to the Bertholf and Waesche projects. However, Vendor 1 did not provide any services in connection with the Bertholf and Waesche projects. Vendor 1 is owned and operated by a person referenced herein as "Person 1."

**B.   The Scheme to Defraud**

6. Beginning at a time unknown, but not later than in or around July 2016, and continuing until at least April 25, 2019, at Seattle, within the Western District of Washington, and elsewhere, SHELTON LAYNE SMITH devised and intended to devise a scheme and artifice to defraud Vigor Marine LLC, a limited liability company headquartered in Portland, Oregon, and others, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

7. The essence of the scheme and artifice to defraud was to: (1) submit to Vigor fraudulent invoices falsely representing that Vendor 1 and/or a fictional company called Marine Service Solutions had provided approximately $1,500,000 worth of equipment and services in connection with the Bertholf project, when in fact neither Vendor 1 nor Marine Service Solutions had provided the equipment or services; (2) cause Vigor to pay out approximately $1,500,000 when no such payments were actually due;

United States v. Shelton Smith
Indictment - 2

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 and (3) funnel most of the proceeds to SMITH, who then used the funds for his own
2 purposes, including to finance his gambling activities.

### C. Manner and Means

The following conduct was part of SMITH's scheme and artifice to defraud:

#### 1. The Bogus "Pass-Through" Scheme

8. SMITH directed a Vigor purchasing agent to prepare a series of purchase orders for local area network ("LAN") telecommunications equipment, such as cables and cabinetry, and for associated design, engineering and installation services. As SMITH well knew, the equipment and services described on the purchase orders did not need to be provided because they either: (1) were to be provided by the Coast Guard; (2) were to be provided by Vigor's workforce or other subcontractors, who were separately paid by Vigor; or (3) were not necessary to the project.

9. SMITH contacted Person 1 and told him that, as part of the Bertholf project, Vigor needed to procure specialized LAN equipment and related services. SMITH falsely told Person 1 that the only company capable of providing the equipment and services was a company called Marine Service Solutions, or "MSS." SMITH said that MSS was not an approved vendor, and proposed to Person 1 that Vendor 1 act as a "pass-through" for MSS. SMITH said that MSS would purchase the equipment and perform the services, and then submit invoices to Vendor 1. SMITH proposed that Vendor 1 would, in turn, invoice Vigor in the amounts billed by MSS, plus a markup of approximately 15%, which Vendor 1 could keep as compensation for serving as a pass-through vendor. Person 1 agreed to the arrangement. Unbeknownst to Person 1, but as SMITH well knew, MSS was not a real company, but rather a fictional company conceived by SMITH in furtherance of his scheme to defraud.

10. SMITH also contacted a Gulfport, Mississippi resident who is a long-term acquaintance of SMITH (hereinafter "Person 2"). SMITH proposed that SMITH and Person 2 jointly start a marine services business. SMITH told Person 2 that the business

United States v. Shelton Smith
Indictment - 3

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

would be called Marine Service Solutions. SMITH said that he had already reached an agreement for the company to provide services to Vendor 1, which, SMITH said, was working on a project for the Coast Guard in Washington State. SMITH said that SMITH would be responsible for MSS's Washington operations, including performing its obligations to Vendor 1, while Person 2 would be responsible for the finances. At SMITH's direction, Person 2 opened a bank account in Mississippi in the name "[Person 2] DBA Marine Service Solutions."

### 2. The Fraudulent Invoices

11. SMITH then prepared a series of fraudulent MSS invoices that falsely represented that MSS had provided the equipment and services described on the purchase orders that SMITH had previously caused to be generated. Between July 2016 and September 2017, SMITH prepared 23 fraudulent MSS invoices in amounts ranging from approximately $30,000 to approximately $70,000, for a total of approximately $1,235,000. As SMITH well knew, MSS had not provided the equipment or services described on the invoices.

12. SMITH caused to be opened a Google email account with the display name "Marine Services Solutions" (hereafter, the "MSS Gmail Account"). Between July 2016 and September 2017, SMITH emailed the 23 fraudulent invoices from the MSS Gmail Account to himself at SMITH's Vigor email account. Each email traveled through a Google email server outside of Washington and terminated at Vigor's Seattle, Washington facility.

13. SMITH impersonated Person 2 in the text of the emails containing the invoices. For example, in one email, SMITH stated: "Shelton, we are finishing the testing of the cable sets and will have them packaged and ready tomorrow morning. I will send you the test reports later today." SMITH also signed each of the emails with Person 2's name or initials. In doing so, SMITH intended to create the false impression that MSS was a legitimate business that was operated by Person 2 and was unrelated to

United States v. Shelton Smith
Indictment - 4

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SMITH. In fact, MSS had no operations other than SMITH's preparation and submission of fraudulent invoices, and Person 2 had no involvement in MSS apart from opening the bank account, cashing checks, and distributing the proceeds.

14. After receiving the emails and invoices he had sent himself at his Vigor email account, SMITH forwarded the MSS Gmail messages and attached invoices on to Vendor 1. As instructed by SMITH, Vendor 1 then invoiced Vigor for the amount of each fraudulent MSS invoice, plus a markup of approximately 15%. In all, SMITH caused Vendor 1 to invoice Vigor approximately $1,500,000 for equipment and services that had not been provided by Vendor 1 or MSS.

### 3. The Distribution of the Fraud Proceeds to SMITH

15. Based on the fraudulent invoices, Vigor made a series of payments to Vendor 1 totaling approximately $1,500,000. The payments were made over the period between August 2016 and September 2017 via checks drawn on Vigor's bank account in Portland, Oregon, and deposited into Vendor 1's bank account in Lynnwood Washington. Each of these deposits caused an interstate wire transmission originating in Washington.

16. After receiving each payment from Vigor, and as previously directed by SMITH, Vendor 1 sent Person 2 a check made out to Marine Service Solutions. Person 2 then deposited the checks, which totaled approximately $1,235,000, into the MSS bank account that Person 2 had previously opened in Mississippi. At SMITH's direction, Person 2 then distributed to SMITH, or used for SMITH's benefit, approximately $1,100,000 of the proceeds. This included wire transfers to SMITH's bank account and the payment of SMITH's credit card and gambling obligations.

### 4. SMITH's Attempts to Mislead the FBI

17. SMITH participated in a voluntary interview with Federal Bureau of Investigation ("FBI") agents on April 2, 2019. SMITH made numerous false statements to the agents during the interview. For example, SMITH falsely stated that SMITH had learned of MSS through a referral from a Coast Guard officer, and that MSS was jointly

United States v. Shelton Smith
Indictment - 5

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

owned by Person 2 and another person named "Brian." SMITH further falsely stated that MSS had purchased the equipment and performed the services described on the fraudulent invoices. SMITH stated that the equipment had been purchased through an unidentified supplier in Texas, and that the services had been performed by Person 2 and two other unnamed MSS representatives, who had worked on board the Bertholf for approximately three weeks. During a second voluntary interview with FBI agents on April 25, 2019, SMITH repeated his false assertion that MSS had provided the listed equipment and services for the Bertholf project.

18.  Following his April 2, 2019 FBI interview, SMITH told Person 2 to similarly make false statements to the FBI. Specifically, SMITH told Person 2 to falsely tell the FBI that Person 2 had purchased cables on behalf of MSS for the Bertholf project, when, as SMITH and Person 2 well knew, Person 2 had not purchased any equipment for the Bertholf project. SMITH similarly told Person 2 to falsely tell the FBI that Person 2 had driven two persons working for MSS to the Gulfport, Mississippi airport so that they could travel to Seattle to work on the Bertholf project. In an April 5, 2019, FBI interview, Person 2 made false statements as SMITH had directed, though Person 2 admitted later in the interview that the statements were false.

C.  **Execution of the Scheme to Defraud**

19.  On or about the dates set forth below, at Seattle, within the Western District of Washington, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud, and to obtain money and property, SHELTON SMITH, and others known and unknown to the Grand Jury, did knowingly transmit and cause to be transmitted by wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, each transmission of which constitutes a separate count of this Indictment:

//
//

United States v. Shelton Smith
Indictment - 6

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Date | Wire Transmission |
|---|---|---|
| 1 | 7/30/16 | Transmission of email and fraudulent MSS invoice from computer server in another state to Vigor facility in Seattle, Washington |
| 2 | 8/15/16 | Deposit of $45,010 check drawn on Vigor's bank account in Portland, Oregon into Vendor 1's bank account in Lynnwood, Washington |
| 3 | 10/24/16 | Transmission of email and fraudulent MSS invoice from computer server in another state to Vigor facility in Seattle, Washington |
| 4 | 11/21/16 | Deposit of $67,704 check drawn on Vigor's bank account in Portland, Oregon into Vendor 1's bank account in Lynnwood, Washington |
| 5 | 12/6/16 | Transmission of email and fraudulent MSS invoice from computer server in another state to Vigor facility in Seattle, Washington |
| 6 | 1/27/17 | Deposit of $46,200 check drawn on Vigor's bank account in Portland, Oregon into Vendor 1's bank account in Lynnwood, Washington |
| 7 | 3/12/17 | Transmission of email and fraudulent MSS invoice from computer server in another state to Vigor facility in Seattle, Washington |
| 8 | 4/25/17 | Deposit of $104,220 check drawn on Vigor's bank account in Portland, Oregon into Vendor 1's bank account in Lynnwood, Washington |
| 9 | 7/26/17 | Transmission of email and fraudulent MSS invoice from computer server in another state to Vigor facility in Seattle, Washington |
| 10 | 8/8/17 | Deposit of $152,610 check drawn on Vigor's bank account in Portland, Oregon into Vendor 1's bank account in Lynnwood, Washington |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

United States v. Shelton Smith
Indictment - 7

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## FORFEITURE ALLEGATIONS

20. The Grand Jury re-alleges the allegations contained in Counts 1 through 10 of this Indictment and incorporates them by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

21. Upon conviction of any of the offenses charged in Counts 1-10 of this Indictment, the defendant, SHELTON SMITH, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including but not limited to a judgment for a sum of money representing the property described in this paragraph.

22. <u>Substitute Assets</u>. If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the Court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek the forfeiture of any

//

//

United States v. Shelton Smith
Indictment - 8

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | other property of the defendant up to the value of the above-described forfeitable
2 | property.

4 | A TRUE BILL:
5 | DATED: 6 June 2019

7 | *[Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States]*

9 | _____
    FOREPERSON

12 | _____
13 | BRIAN T. MORAN
     United States Attorney

15 | _____
16 | ANDREW C. FRIEDMAN
17 | Assistant United States Attorney

19 | _____
20 | SETH WILKINSON
21 | Assistant United States Attorney

United States v. Shelton Smith
Indictment - 9

UNITED STATES ATTORNEY
700 STEWART STREET
SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# DEFENDANT STATUS SHEET
(One for each defendant)

## I. CASE STATUS

Name of Defendant: Shelton Smith

Has defendant had initial appearance in this case?    ☐ Yes    ☑ No

    MJ                      CR

## II. CUSTODIAL STATUS

If defendant had initial appearance, please check one of the following:

☐ Continue Conditions of Release

☐ Continue Detention

☐ Temporary Detention, a detention hearing has been scheduled for

## III. ARRAIGNMENT

☑ Warrant to Issue (If so, please complete *Defendant Arrest Warrant Info Sheet*)

☐ Summons to be Issued for Appearance on

    Defendant's Address:

☐ Letter to Defense Counsel for Appearance on

    Defense Attorney's Name and address:

The estimated trial time is   5   days.

(Revised March 2018)